UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA MCCARDLE,

    Plaintiff,

v.                      Case No. 1:16-CV-232

CARLISLE FOOD SERVICE PRODUCTS     HON. GORDON J. QUIST
INCORPORATED AND DINEX
INTERNATIONAL, INC., AND CARLISLE
COMPANIES INCORPORATED,

    Defendants.
_____/

## MEMORANDUM ORDER

This case is about an allegedly defective dining cart that caused injury to Plaintiff, Lisa McCardle, on March 22, 2013. This case was filed on March 4, 2016. On November 3, 2016, Defendants Carlisle Food Service Products Incorporated and Dinex International, Inc. and Carlisle Companies Incorporated filed a motion for leave to amend affirmative defenses seeking to allocate fault to Carter-Hoffman, LLC, pursuant to M.C.L. § 600.2957. (ECF No. 31.) Plaintiff responded that Defendants are barred from allocating fault to Carter-Hoffman because Defendants failed to comply with Michigan substantive law which requires parties to serve a notice of non-party fault within 90 days of filing their first responsive pleading, i.e., July 12, 2016. (ECF No. 33.) Defendants' motion will be denied.[1]

Plaintiff filed a complaint on March 3, 2016 alleging that Defendants breached implied warranties of merchantability and fitness for a particular purpose when they designed, manufactured, and distributed a food serving cart. (ECF No. 1.) On June 6, 2016, Defendants filed a third party

---

[1] Defendants requested oral argument on this issue. The Court concludes that it can decide the issue on the briefs, and that oral argument would not be helpful.

complaint against Carter-Hoffmann, LLC, alleging that Carter-Hoffmann designed and manufactured the product. (ECF No. 12.) Defendants did not file a notice of nonparty fault in accordance with M.C.L. § 600.2957 and M.C.R. 2.112(K). This Court dismissed the third party complaint on September 26, 2016. (ECF No. 24.) Defendants filed the instant motion on November 3, 2016, seeking to allocate fault to Carter-Hoffmann under M.C.L. § 600.2957(1). (ECF No. 31.) Plaintiff responded that Defendants failure to comply with M.C.L. § 600.2957 and M.C.R. 2.112(K) bars their motion because those provisions are substantive Michigan law under the *Erie* doctrine

M.C.L. § 600.2957 authorizes the amendment of a pleading after the identification of non-party who may have been at fault:

> (1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each person shall be allocated under this section by the trier of fact and, subject to [MCL § 600.6304], in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.
>
> (2) Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty. A cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action.

M.C.L. § 600.2957(1) and (2).

Notice under M.C.R. 2.112(K) "is a prerequisite" to allocation against a nonparty. *Veltman v. Detroit Edison Co.*, 261 Mich. App. 685, 695, 683 N.W.2d 707, 713 (2004). "[N]otice must be filed within 91 days after the party files its first responsive pleading." M.C.R. 2.112(K)(3)(c). Later notice is allowed upon a motion and "a showing that the facts on which the notice is based were not and could not with reasonable diligence have been known to the moving party earlier, provided that the late filing of the notice does not result in unfair prejudice to the opposing party." *Id*. A party

2

receiving notice may amend a pleading to allege claims against the nonparty within 91 days. M.C.R. 2.112(K)(4). Courts in this district have held that 2.112(K) "is undeniably substantive because it is 'part and parcel of Michigan's substantive tort law.'" *Barnes v. Sun Chem. Corp.*, 164 F. Supp. 3d 994, 1003 (W.D. Mich. 2016) ) (quoting *Stonemor Operating, LLC v. Bush*, No. 1:08-cv-631, 2014 WL 4388347, at *6 (W.D. Mich. Sept. 5, 2015)).

Defendants have not complied with M.C.R. 2.112(K) because they did not file notice within 91 days of filing their first responsive pleading and they have not shown "that facts on which the notice is based were not and could not with reasonable diligence have been known" to them earlier. Defendants filed their answer on April 12, 2016; notice was due by July 12, 2016. Defendants' filing of the third party complaint indicates that they knew these facts at least by June 2016, before the 91 days expired.

Defendants argue in their reply brief that they have satisfied the notice requirement because their various filings, including the third party complaint "serv[ed] as notice of the matters required by M.C.R. 2.112(K)." (ECF No. 37-1.) Defendants cite no authority for the proposition that a third party complaint satisfies the notice requirement. To the contrary, the Michigan Court of Appeals has noted that

> Although [M.C.R. 2.112(K)] does not require the party giving notice to give notice in a separate document, by referring to "a notice" and "the notice" that has been "filed," [the Michigan] Supreme Court indicated that the requirements of that rule must be met by a notice that is filed under the rule—**that is, the filing must be identified as one purporting to give notice that the defendant is asserting his or her right to have the finder of fact allocate fault to a third party under the court rule**.

*Taylor v. Michigan Petroleum Techs., Inc.*, 307 Mich. App. 189, 201, 859 N.W.2d 715, 722 (2014) (emphasis added). The *Taylor* court held that M.C.R. 2.112(K) was not satisfied when the defendant alleged as an affirmative defense that a nonparty may have caused damages but the defendant did not cite M.C.R. 2.112(K) or otherwise state that it was asserting its right to have a finder of act

3

allocate fault to that nonparty. *Id*. Similarly, the third party complaint alleged only that Defendants are entitled to contribution or indemnity from Carter-Hoffmann should Plaintiff prevail and makes no mention of allocation of fault to Carter-Hoffmann. (ECF No. 12 at PageID.59.)

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' motion for leave to amend (ECF No. 31) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion for leave to file a reply brief (ECF No. 37) is **GRANTED**.

Dated: December 1, 2016              /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE